(Not for Publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
UNITED STEEL, PAPER AND             :
FORESTRY, RUBBER,                   :
MANUFACTURING, ENERGY,              :
ALLIED-INDUSTRIAL AND SERVICE       :
WORKERS LOCAL UNION 943,            :
                                    :
              Plaintiff,            :
                                    :  Civil No. 07-0965 (RBK)
       v.                           :
                                    :
E.I. DUPONT DE NEMOURS AND          :
COMPANY,                            :
                                    :
              Defendant.            :
_____ :
                                    :
UNITED STEEL, PAPER AND             :
FORESTRY, RUBBER,                   :
MANUFACTURING, ENERGY,              :
ALLIED-INDUSTRIAL AND SERVICE       :
WORKERS LOCAL UNION 943,            :
                                    :
              Plaintiff,            :
                                    :  Civil No. 07-1005 (RBK)
       v.                           :
                                    :
DUPONT PERFORMANCE                  :
ELASTOMERS, L.L.C.,                 :  **OPINION**
                                    :
              Defendant.            :
_____ :

**KUGLER**, United States District Judge:

1

Before the Court is a motion by Plaintiff United Steel, Paper and Forestry, Rubber Manufacturing, Energy, Allied-Industrial and Service Workers Local Union 943 ("Local 943") for judgment on the pleadings or in the alternative, for summary judgment, compelling Defendants E.I. du Pont de Nemours and Company ("DuPont") and DuPont Performance Elastomers, LLC ("DPE") (collectively "Defendants") to arbitrate certain grievances. Further before the Court is Defendants' cross-motion for summary judgment on Local 943's complaints seeking to compel arbitration. Also before the Court are Local 943's motion to strike a portion of the Declaration of Mary Jo Anderson and motion for leave to file supplemental authority. Local 943's grievances challenge amendments Defendants made to some of their employee benefits plans. For the reasons set forth below, the Court will construe Local 943's motion as a cross-motion for summary judgment, which the Court will grant; the Court will deny Defendants' cross-motion for summary judgment. Moreover, the Court will deny Local 943's motion to strike and grant its motion for leave to file supplemental authority.

I.      BACKGROUND

    A.      **Collective Bargaining Agreements**

This case involves three collective bargaining agreements ("CBAs"). Two of these CBAs are between DuPont and Local 943 and cover certain employees at DuPont's Deepwater, New Jersey plant ("DuPont CBAs"), and the third is between DuPont affiliate DPE and certain employees of DPE's plant in Deepwater. (DuPont Am. Compl. & Answer ¶¶ 5, 7.)

Each of these CBAs contain an identical arbitration clause, which states in relevant part, "A grievance relating to the interpretation or to any alleged violation of this Agreement not settled to the mutual satisfaction of either party by . . . the grievance procedure may be submitted

2

to arbitration on written request of either party." (DuPont Am. Compl. Exs. A, B, Art. XI; DPE Compl. Ex. A, Art. X.)

The amendments to which Local 943 objects affected two articles of the CBAs entitled "Industrial Relations Plans and Practices" ("IRP&P provision"), present in both the DuPont and DPE CBAs, and "Hospital and Medical-Surgical Coverage," exclusive to the DuPont CBAs. The IRP&P provision states in part:

> All existing privileges heretofore enjoyed by the employees in accordance with the following Industrial Relations Plans and Practices of the COMPANY and of the PLANT shall continue, subject to such rules, regulations, and interpretations as existed prior to the signing of this Agreement, and to such modifications thereof, as may be hereafter adopted generally by the COMPANY or by the PLANT to govern such privileges; provided, however, that as long as any one of these COMPANY Plans and Practices is in effect at any other PLANT within the COMPANY, it shall not be withdrawn from the employees covered by this Agreement[.]

(DuPont Am. Compl. Exs. A, B, Art. VII; DPE Compl. Ex. A, Art. VII.)  The IRP&P provisions are followed by a list of plans and practices to which the provision applies.  In the DuPont CBAs, the list includes three plans to which Defendants made changes: the Pension and Retirement Plan ("Pension Plan"), Savings and Investment Plan ("SIP"), and Dental Assistance Plan ("Dental Plan").  (Defs.' Stmt. of Facts ¶ 14.)  The DPE CBA lists two affected plans, the Pension Plan and SIP.  (Id. ¶ 19; DPE Compl. Ex. A, Art. VII.)

The DPE CBA also contains an additional section in its Article VII not present in the DuPont CBAs.  This "Section 3" requires DPE to provide "benefits as provided by the Company's Beneflex Benefits Plans, subject to all terms and conditions of said Plan." (DPE Am. Compl. Ex. A, Art. VII § 3.)  The Beneflex Benefits Plans signify the Beneflex Life Insurance Plan ("Life Insurance Plan") and Beneflex Vacation Buying Plan ("Vacation Plan").

3

(Defs.' Stmt. of Facts ¶ 20.)

The other Article relevant to the parties' dispute is the "Hospital and Medical-Surgical Coverage" provision at Article XVI, which only appears in the DuPont CBAs. This provision requires DuPont to provide medical coverage through the Medical Care Assistance Program ("MEDCAP"). (Stip. ¶ 15; DuPont Am. Comp. Ex. A, Art. XVI §§ 1-4.) Alternatively, the provision permits DuPont to make premium payments for alternate coverage to an approved Health Maintenance Organization. (Id.)

### B. Announced Plan Amendments and Resulting Grievances

On August 28, 2006, DuPont sent an email to all U.S. employees announcing changes to its employee benefits offerings. (DuPont Am. Compl. & Answer ¶ 10; DPE Compl. & Answer ¶ 9.) These amendments included several changes affecting new employees hired on or after January 1, 2007: DuPont eliminated their eligibility for the Pension Plan, SIP, MEDCAP, Dental Plan, and Life Insurance Plan and reduced their available benefits under the Vacation Plan. (Defs.' Stmt. of Facts ¶¶ 42, 45-49; DuPont Am. Compl. Ex. C.) The amendments also affected plans of then-existing employees, including modifications to the Pension Plan and SIP. (Defs.' Stmt. of Facts ¶¶ 43, 45; DuPont Am. Compl. Ex. C.)

On September 22, 2006, Local 943 filed grievances with DuPont and DPE alleging that the changes violated several provisions of the CBAs. (DuPont Am. Compl. Ex. D; DPE Compl. Ex. C.) Regarding active employees, Local 943 alleged that the changes to the Pension Plan and SIP violated the IRP&P provision of the CBAs because "such changes are not permitted 'modifications' within the meaning of that article and section." (DuPont Am. Compl. Ex. D; DPE Compl. Ex. C.) Local 943 cited the same reasoning for why the changes applicable to new

hires contravened the CBAs.  (Id.)  In addition, Local 943 alleged that the changes affecting new hires involved "Company Plans and Practices" within the meaning of the IRP&P provision and that their withdrawal from certain employees covered by the CBA violated that provision since the "Plans and Practices" remained "in effect within the Company."  (Id.)

Finally, Local 943 had two grievances specific to each CBA.  The DuPont grievance claimed that the elimination of MEDCAP for new hires violated the Hospital and Medical-Surgical Coverage provision of the DuPont CBAs.  (DuPont Am. Compl. Ex. D.)  The DPE grievance alleged that the elimination of the Life Insurance Plan and reduction in benefits under the Vacation Plan for new hires violated the IRP&P provision of the DPE CBA.  (DPE Compl. Exs. C, D.)[1]

In a written response dated January 25, 2007, DuPont asserted that it was not contractually obligated to submit the grievances to arbitration.  (DuPont Am. Compl. Ex. E.)  It indicated that it considered the grievances to raise disputes regarding the eligibility of Local 943 members for benefits under the plans.  (Id.)  DuPont and DPE stated further that such disputes must be resolved using the claim procedures set forth in the summary plan descriptions of each plan or, once administrative remedies are exhausted, through a civil enforcement action under Section 502 of ERISA.  (Id.)  DPE sent a similar letter on February 27, 2007 to Local 943 concerning the DPE grievances.  (DPE Compl. Ex. F.)

---

[1] The original grievance filed against DPE mistakenly cited Article VIII, Section 1 of the DPE CBA.  Local 943 corrected this error in an amended grievance dated March 2, 2007, which refers to Article VII, Section 3.

### C. Resulting Litigation

Local 943 filed suit against DuPont on February 28, 2007 and against DPE two days later, seeking to compel Defendants to submit Local 943's grievances to arbitration pursuant to the arbitration clause in the CBAs. On July 18, 2007, the two cases were consolidated. Five days later, Local 943 filed a motion for judgment on the pleadings or in the alternative, a cross-motion for summary judgment, and Defendants filed a cross-motion for summary judgment based on a stipulated record. Since then, each party filed responses and replies. In addition, Local 943 filed a motion to strike a portion of Mary Jo Anderson's Declaration, which Defendants opposed, as well as a motion for leave to file supplemental authority, attaching a decision in a related case in the Eastern District of Virginia, which Defendants did not oppose.

DuPont and its affiliates have fielded additional grievances stemming from the same announced benefit plan changes and has refused to arbitrate any of them based on the same reasoning it offered Local 943 in this case. (Knight Decl. Exs. A-G.) Consequently, unions have brought several actions against DuPont seeking to compel arbitration. See United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers, International Union, AFL-CIO-CLC, et al. v. E.I. DuPont de Nemours & Co., Civ. A. No. 07-126 (D. Del.); United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers Local 4-5025 v. E.I. DuPont de Nemours & Co., Civ. A. No. 07-122 (W.D.N.Y.); E.I. DuPont de Nemours & Co. v. Ampthill Rayon Workers, Inc., Civ. A. No. 07-52 (E.D. Va.). The parties have filed cross-motions for summary judgment based on a stipulated record in each of these jurisdictions. Only the Eastern District of Virginia has decided the motions, see E.I. DuPont de Nemours & Co. v. Ampthill Rayon Workers, Inc., 516 F. Supp. 2d

588 (E.D. Va. 2007), a decision which DuPont has appealed.

This Court will construe the parties' motions as cross-motions for summary judgment, as it relies on Defendants' statement of material facts, which incorporates sources outside the pleadings. Furthermore, given the stipulated record, the Court discerns no issues of material fact.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

When parties file cross-motions for summary judgment, the court must apply the summary judgment standard to each party's motion individually. See Appelmans v. City of Phila., 826 F.2d 214, 216 (3d Cir. 1987). Where review of cross-motions for summary judgment reveals no genuine issue of material fact, then judgment may be entered in favor of the party deserving of judgment in light of the law and undisputed facts. See Iberia Foods Corp. v. Romeo Jr., 150 F.3d 298, 302 (3d Cir. 1998) (citing Ciarlante v. Brown & Williamson Tobacco Corp., 143 F.3d 139, 145-46 (3d Cir. 1988)).

**III.    DISCUSSION**

    **A.**        **Parties' Arguments**

Defendants argue that Local 943's grievances are not within the scope of the arbitration clause in the CBAs. (Defs.' Br. at 16-17.) Defendants argue further that plans not mentioned in the respective CBAs cannot be subject to the arbitration clauses. As for the plans that are referenced in the CBAs, Defendants contend that the grievances implicate eligibility issues, which are not subject to arbitration but instead, pursuant to ERISA, must be handled in the dispute resolution process outlined in the plan documents. Local 943 counters that its grievances do not question the application of the benefits plans but rather whether the CBAs afford Defendants the power to make the changes to the plans.

    **B.**        **Grievances Do Not Involve Benefits Eligibility Determinations**

Defendants' characterization of Local 943's grievances as involving benefits eligibility determinations is unpersuasive. The Court is instead persuaded by the reasoning of the Eastern District of Virginia in addressing DuPont's identical argument in the suit pending before it. There, the court distinguished the cases cited by DuPont as involving "typical benefit eligibility determinations by plan administrators such as determining whether medical necessity exists for a given procedure or requiring a referral before certain diagnostic tests will be reimbursed." Ampthill Rayon Workers, Inc., 516 F. Supp. 2d at 594. The court continued, "The amendments made to benefit plans by DuPont at issue here are of a wholly different nature than routine benefit eligibility determinations. . . . DuPont has not administered the plans, they have altered them." Id. While Defendants' plan amendments presumably could ultimately impact the eligibility of individual employees, the grievances initiated by Local 943 relate instead to

8

whether DuPont's modifications violate the specific terms in the DuPont and DPE CBAs.

  **C.**  **Plans Referenced in the CBAs Are Subject to the Arbitration Clause**

  With the nature of the grievances clarified, the Court must next determine whether they are subject to the arbitration clause. "Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 648 (1986). The presence of an arbitration clause in an agreement creates a presumption in favor of arbitration. Id. at 650. In the case of a broadly worded arbitration clause, the presumption is even stronger. Id. When an agreement's arbitration clause is broad, absent "any express provision excluding a particular grievance from arbitration, . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." Id. (quoting United Steelworkers of Am. v. Warrior & Gulf Nav. Co., 363 U.S. 574, 584-585 (1960)). Additionally, in evaluating the question of arbitrability, the court must not extend its analysis to the merits of the underlying claim. Id. at 649.

  Here, the arbitration clause contained in the DuPont and DPE CBAs is broadly worded, thus triggering the strong presumption in favor of arbitration. The clause commits to arbitration any grievance "relating to the interpretation or to any alleged violation of this Agreement," which is not settled via the grievance procedure. (DuPont Am. Compl. Ex. A, Art. XI; DPE Compl. Ex. A, Art. X.) The Third Circuit has characterized as "broad" a similar arbitration clause referring to "any dispute arising out of a claimed violation of this Agreement." See E.M. Diagnostic Sys., Inc. v. Local 169, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 812 F.2d 91, 92, 95 (3d Cir. 1987); see also AT&T Techs., Inc., 475 U.S. at 650 (finding arbitration clause regarding "any differences arising with respect to the interpretation of this contract or the

performance of any obligation hereunder" to be broad).  Thus, in order to overcome this presumption of arbitrability, Defendants must show either (1) that the CBAs expressly exclude the disputes from arbitration or (2) the existence of "strong and forceful" evidence of an intention to exclude them from arbitration.  See United Steelworkers of Am., AFL-CIO-CLC v. Lukens Steel Co., Div. of Lukens, Inc., 969 F.2d 1468, 1475 (3d Cir. 1992).

DuPont can show neither of the requirements to overcome the presumption.  The arbitration clause plainly covers the grievances at issue because they relate to alleged violations and interpretation of specific articles of the CBAs.  Specifically, Local 943's grievances encompass seven issues:

> (1) whether changes to the Pension Plan and SIP affecting existing employees violate Article VII, Section 1 of the DuPont and DPE CBAs because such changes are impermissible "modifications";
>
> (2) whether changes to the Pension Plan, SIP, and Dental Plan affecting new hires as of January 1, 2007 violate Article VII, Section 1 of the DuPont CBAs because such changes are impermissible "modifications";
>
> (3) whether changes to the Pension Plan and SIP affecting new hires as of January 1, 2007 violate Article VII, Section 1 of the DPE CBA because such changes are impermissible "modifications";
>
> (4) whether changes to the Pension Plan, SIP, and Dental Plan affecting new hires as of January 1, 2007 violate Article VII, Section 1 of the DuPont CBAs because the changes constitute the withdrawal of "Company Plans and Practices" that remain "in effect within the Company";
>
> (5) whether changes to the Pension Plan and SIP affecting new hires as of January 1, 2007 violate Article VII, Section 1 of the DPE CBA because the changes constitute the withdrawal of "Company Plans and Practices" that remain "in effect within the Company";
>
> (6) whether elimination of MEDCAP for new hires as of January 1, 2007 violates Article XVI of the DuPont CBAs; and

      (7) whether elimination of the Life Insurance Plan and the Vacation Plan violates Article VII, Section 3 of the DPE CBA.

Thus, the grievances involve alleged violations of Article VII, Section 1 of both CBAs, Article XVI of the DuPont CBAs, and Article VII, Section 3 of the DPE CBA, thereby necessitating interpretation of those provisions. As such, each grievance falls within the scope of the broad arbitration clause because each relates to the interpretation or to an alleged violation of the respective CBAs. Moreover, neither the DuPont nor the DPE CBA includes an express limitation that could be read to exclude the grievances made by Local 943 from the scope of the arbitration clause. Finally, Defendants have not pointed to any evidence, much less strong and forceful evidence, of an intention to exclude the benefits plans from the applicability of the arbitration clause. Therefore, the grievances are subject to arbitration pursuant to the respective CBAs.

      **D.**    **Motions to Strike and For Leave to File Supplemental Authority**

      Local 943 filed a motion to strike a portion of the Declaration of Mary Jo Anderson, which Defendants submitted in support of their cross-motion for summary judgment. Local 943 argues that paragraph 32 is not relevant to the inquiry before the Court because it impermissibly attempts to argue the meaning of the IRP&P provisions of the CBAs and otherwise violates the Federal Rules of evidence. Defendants oppose the motion, stating that their cross-motion for summary judgment does not seek a ruling on the merits and, in any case, paragraph 32 contains admissible statements of fact made on personal knowledge. Based on the Court's disposition of the parties' cross-motions for summary judgment, which did not reference the challenged declaration, it will deny Local 943's motion to strike.

In addition, Local 943 filed a motion for leave to file supplemental authority and attached the decision of the Eastern District of Virginia in the case brought by another union against DuPont seeking arbitration of similar grievances arising from the plan changes. Defendants did not oppose this motion; thus, the Court will grant it.

### IV. CONCLUSION

Based on the foregoing reasoning, the Court will grant Local 943's cross-motion for summary judgment and deny DuPont and DPE's cross-motion for summary judgment. Furthermore, the Court will deny Local 943's motion to strike and grant it motion for leave to file supplemental authority. An accompanying order shall issue today.

Dated: 2/29/08                                          s/ Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge